said person or to refund the said amounts to the plaintiff; that the defendant has not furnished this plaintiff with a receipt showing delivery of the said moneys to the person above named, although duly demanded, and there is now due and owing from defendant to the plaintiff the sum of $221, no part of which has been paid, although duly demanded.

*Kenneth E. Stockton* and *George M. Billings*, for appellant.

*Henry C. Moses* and *Henry J. Harkavy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

JAMES CONNELLY, Appellant, *v.* CUNARD STEAMSHIP COMPANY, LTD., Respondent.

*Negligence — master and servant — ships and shipping — longshoreman working in hold of vessel injured by fall of draft of cargo owing to breaking of chain.*

*Connelly* v. *Cunard Steamship Co.*, 203 App. Div. 884, affirmed. (Argued March 19, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 11, 1922, affirming a judgment in favor of defendant entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. Plaintiff was working as a longshoreman in one of the holds of the defendant's steamship *Vellavia*, stowing railroad rails, which were being put on board from a lighter alongside. There were two rails in each draft, held together in a chain sling. The rails were from forty-five to sixty feet in length and weighed about 1,500 pounds each. While one of these drafts, consisting of two rails, was being lowered, and after it had been swung on board from the lighter, and while directly over the hatch and being lowered, the lower end of the rails being then about three feet below the coamings

of the hatch, one of the links of the chain sling, to wit, the one which held the hook, known as the crown link, suddenly broke, precipitating the rails into the hatch and causing the injury to the plaintiff.

*Harold R. Medina* and *C. Fuller Williams* for appellant.

*E. C. Sherwood* and *Clarence S. Zipp* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

KATHERINE A. WARD et al., Appellants, *v.* JAMES A. McCARTHY, Respondent.

*Real property — restrictive covenants — common grantor without power to change terms of covenants in deeds after it parted with title.*

*Ward* v. *McCarthy*, 202 App. Div. 849, affirmed.

(Argued March 19, 1923; decided April 17, 1923.)

APPEAL from a judgment, entered August 25, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. The action was to enjoin the defendant from erecting three one-story bungalows on his land directly opposite land of the plaintiff upon the ground that the erection of such structures would be a violation of restrictive covenants and negative reciprocal easements governing both properties. It appeared that it was not until after the sale by the common grantor of the lots now owned by the plaintiffs and defendant that any consideration was given to restrictions against one-story dwellings. The Appellate Division held that the common grantor was without power by subsequent action to change or modify the written terms of the covenant contained in its deeds to the premises in question after it had parted with the title thereto.

*John C. Judge* for appellants.

*Cyrus S. Jullien* and *Joseph M. O'Shea* for respondent.